## A. C. JEFFERSON v. A. GUTHRIE COMPANY.[1]

January 18, 1918.

No. 20,729.

**Sale — implied warranty — evidence.**

Action for price of merchandise. Counterclaim for breach of implied warranty. Finding in favor of plaintiff. *Held*: The cause of shrinkage of the lumber was a question of fact for the trial court and the evidence will not warrant reversing the finding. [Reporter.]

Action in the municipal court of St. Paul to recover $174.90 for maple flooring sold and delivered. The facts are stated in the opinion. The case was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying its motion for amended findings or a new trial, defendant appealed. Affirmed.

*Barrows & Stewart*, for appellant.

*George B. Spencer*, for respondent.

PER CURIAM.

Action to recover the agreed price of a quantity of maple flooring sold and delivered by plaintiff to defendant. Defendant admitted the sale, and nonpayment of the price, but interposed a counterclaim based on allegations of an implied warranty that the flooring was kiln dried, and a breach of this warranty which made it necessary for defendant to take up the flooring after it had been laid, and relay it, at an expense exceeding the agreed price of the lumber. The case was tried before the court without a jury, and a decision rendered in plaintiff's favor. The court found on the evidence that the flooring delivered was kiln dried, and first-class material. Defendant moved for amended findings and for a new trial. The motion was denied, and this appeal taken.

It is admitted that the flooring shrunk after it was laid, which was im-

1Reported in 165 N. W. 1074.

mediately on its delivery, and that it was necessary to relay it. The cause of this shrinkage, whether it was that the lumber was not kiln dried, or some cause for which plaintiff was not responsible, was a question of fact for the trial court. We have examined the evidence, and are unable to say, conceding that there was an implied warranty, that the findings of the trial court are not sustained by the evidence.

Order affirmed.